E-FILED
Wednesday, 14 October, 2026 03:41:50 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

ARTURO REVELES,
Plaintiff,

v.

AUSTIN CAMPBELL, *et al.*,
Defendants.

Case No. 2:25-cv-02282-JEH

**Order**

This matter is now before the Court on Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 25). For the reasons stated below, Defendants' Motion is GRANTED.

**I**

On April 8, 2026, Plaintiff Arturo Reveles, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment procedural due process rights while he was incarcerated at Danville Correctional Center ("Danville"). (Docs. 12, 14). Specifically, Plaintiff alleged Defendants Jay O'Blenis and Austin Campbell issued a disciplinary report against him, Defendant Lieutenant John Doe served him with the disciplinary report, and Defendants Gregory Little and Kelsey Smith found him guilty of disciplinary violations at an Adjustment Committee hearing without due process. As a result of the Adjustment Committee's findings, Plaintiff claimed that six months of his good conduct credits were revoked, he spent nearly nine months in the restrictive housing unit, and he was transferred to a maximum-security facility where he was reclassified as a "Staff Assaulter." Plaintiff alleged the Adjustment Committee's decision was overturned, at least in part, when three months of his good time

credits were restored on December 12, 2024. Plaintiff is currently on parole from the Illinois Department of Corrections.

On August 11, 2026, Defendants Campbell, O'Blenis, Little, and Smith filed a Motion for Judgment on the Pleadings. (Doc. 25). On August 14, 2026, the Clerk issued a Notice under Rule 12(c) notifying Plaintiff that he was required to file a response to Defendants' Motion within fourteen days. (Doc. 30). The Notice warned Plaintiff that if he failed to do so, the Court would presume there was no opposition to the Motion. *Id.* Plaintiff's response was due on August 25, 2026, but no response was filed.

**II**

Under Rule 12(c), a party may move for judgment on the pleadings any time after the complaint and answer have been filed by the parties. FED. R. CIV. P. 12(c); *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing FED. R. CIV. P. 12(c)). "In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits." *Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). "A judgment on the pleadings is proper when only questions of law, and not questions of fact, exist after the pleadings have been filed. The moving party must demonstrate that there are no material issues of fact to be resolved." *Grigoleit Co. v. Lichtenberg*, No. 16-CV-2052, 2017 WL 3091459, at *7 (C.D. Ill. Mar. 13, 2017) (citations omitted).

Where no evidence outside the pleadings is submitted, analysis of a Rule 12(c) motion is the same as analysis of a motion to dismiss under Rule 12(b)(6). *Buchanan-Moore,* 570 F.3d at 827. A motion under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015). When considering a Rule 12(b)(6) motion to dismiss, the court must construe the

complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and draw all reasonable inferences from those facts in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. *Id*. "A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**III**

Defendants argue they are entitled to judgment on the pleadings because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that, to challenge the validity of a conviction or sentence in a § 1983 action, the plaintiff must demonstrate that the sentence of conviction has been reversed or invalidated by another tribunal or called into question by the issuance of a federal habeas corpus petition. *Id*. at 487; *see also Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) (finding that *Heck*'s favorable termination requirement controls outcome whenever § 1983 claim implies invalidity of conviction or sentence, regardless of availability of habeas relief). The Supreme Court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (footnote omitted).

Under *Heck* and *Edwards v. Balisok*, 520 U.S. 641 (1997), a prisoner deprived of good credit time in a disciplinary proceeding cannot bring a suit for damages that would imply the invalidity of the disciplinary conviction and sanctions. Whether the plaintiff asserts that his disciplinary conviction and sanctions are not supported by evidence or that he was denied a procedural protection, he cannot bring a suit for damages or declaratory relief unless "the conviction or sentence

has previously been invalidated." *Balisok*, 520 U.S. at 643, 648. *Heck* applies even when a plaintiff has been released from custody and can no longer utilize habeas proceedings to invalidate the revocation. *See Savory*, 947 F.3d at 419-28. The Seventh Circuit has explained that because of the *Heck* doctrine,

> [S]ome valid claims will never make it past the courthouse door. *Heck* explains, though, why a high bar must be cleared before seeking damages in a civil action on claims that imply the invalidity of a criminal conviction. The Court sought to avoid parallel litigation on the issue of guilt, preclude the possibility of conflicting resolutions arising out the same transaction, prevent collateral attacks on criminal convictions through the vehicle of civil suits, and respect concerns for comity, finality and consistency.

*Id*. at 428.

Here, Plaintiff claims he was issued a disciplinary ticket and was found guilty of the charges without procedural due process. (Doc. 14 at p. 6). Plaintiff attached a copy of the Adjustment Committee hearing summary from the proceedings as an exhibit in support of his claim. (Doc. 1-1 at pp. 39-41). The related disciplinary ticket and disciplinary record were written by Defendants O'Blenis and Campbell. *Id.* at pp. 22-24. The Adjustment Committee hearing occurred on May 3, 2024, and was overseen by Defendants Little and Smith. *Id.* at pp. 39-41. Plaintiff also attached the records of his grievance about this conviction. *Id.* at pp. 26-28, 33. The Administrative Review Board ("ARB") found that Plaintiff's conviction was validly entered, holding, "Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed." *Id.* at pp. 26-28, 33.

As such, a favorable judgment on Plaintiff's claims would necessarily imply the invalidity of his disciplinary conviction. Plaintiff has not offered any evidence that this disciplinary conviction was invalidated or that any habeas proceedings

were ever completed invalidating the conviction. Plaintiff attached a copy of documents indicating that he had six months of good conduct credits revoked on September 18, 2024, and three months were restored on December 12, 2024. *Id.* at pp. 30, 35. Plaintiff's exhibits demonstrate that reasons other than the invalidation of a disciplinary proceeding resulted in the restoration of three months of his good conduct credits. Plaintiff attached a September 16, 2025 memorandum discussing the restoration of good conduct credits, long after the three months of good time credits were restored to him on December 12, 2024. *Id.* at p. 42. On September 18, 2025, Plaintiff received the Adjustment Committee's Final Summary Report, which continued to show that his disciplinary conviction had not been overturned or invalidated. *Id.* at p. 41; Doc. 12 at p. 9, ¶ 71.

Plaintiff failed to show that his disciplinary violation was vacated or that his good conduct credits were restored in connection with such an invalidation. As a result, the Court finds that Plaintiff's claims are barred by *Heck*. Defendants' Motion for Judgment on the Pleadings is GRANTED.

**IV**

Finally, Plaintiff failed to identify Defendant John Doe. On June 30, 2026, the Court entered a Scheduling Order requiring Plaintiff to "file a motion to substitute the real name of any 'Doe' defendant within 60 days of the entry of this order or risk dismissal of the Doe defendant without prejudice unless good cause for the failure can be shown." (Doc. 21 at p. 4, ¶ 9). The deadline for Plaintiff to identify Defendant John Doe was August 31, 2026. To date, Plaintiff has not filed a motion to identify him. Therefore, Defendant John Doe is dismissed without prejudice.

**V**

For the reasons stated, *supra*:

1) Defendants' Motion for Judgment on the Pleadings [25] is GRANTED. This case is DISMISSED WITHOUT PREJUDICE as barred by *Heck v. Humphrey*,

512 U.S. 477 (1994). Plaintiff takes nothing. Each side is to bear their own attorney's fees, costs, and expenses. The Clerk is directed to enter judgment and close this case.

2) Should a party file a motion for reconsideration which is subsequently denied by the Court, the party who filed the motion will be responsible for the attorney's fees of the opposing party related to their response to the motion for reconsideration.

3) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

4) To proceed *in forma pauperis* on appeal, Plaintiff must file a motion to proceed on appeal *in forma pauperis* and identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (An appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: October 14, 2026

s/Jonathan E. Hawley
U.S. District Judge